## WILLIAM C. DANIEL V. PHARO HILL.

A vendor gave his bond to make title to the vendee, on payment of the three promissory notes of the latter, in his favor, for $120 each; the vendor pledged the three notes to a third person, as collateral security for a debt of $100, and interest; by whom they were surrendered to the vendee, in consideration of other securities, to the amount of $150 : *Held*, that this did not operate as a payment and satisfaction of the notes, as to the vendor, and if relied on as such by the vendee, authorized the vendor to repudiate the contract for the sale of the land.

The obligee in a title bond, is not entitled to a decree of specific performance, unless he has performed his part of the contract, or facts are shown which excused him from performance.

The obligee cannot maintain a suit against the obligor, and a purchaser from him, to cancel the deed to the purchaser, and have a decree of title, unless he shows himself entitled to a decree against the purchaser who has the legal title; and the latter may appeal, though the obligor acquiesce in the judgment rendered against them in favor of the obligee.

APPEAL from Cherokee. Tried below before the Hon. Reuben A. Reeves.

This was a suit by the appellee, against James Ferguson, William C. Daniel and John Mosely, for a decree of title to 320 acres of land, described in a bond executed by Ferguson to the plaintiff; and also to cancel a deed for the same land, subsequently executed by Ferguson to Daniel; and also a deed by the sheriff of Cherokee county, to John Mosely, for the same land, by virtue of a levy and sale of it by the said sheriff, as the property of Ferguson.

There was a verdict and judgment for the plaintiff, from which the defendant, Daniel, alone appealed. The facts are stated in the opinion.

*Donley & Anderson,* for the appellant.

*Gwinn & Everett,* for the appellee.

ROBERTS, J.—The petition describes and sets out the bond for title, upon which plaintiff claims a specific performance. By the bond, Ferguson bound himself to make Hill a title to the land, when he (Hill) should pay three notes of $120 each, which were given in the purchase of the land. It is alleged, that these notes had been fully paid and lifted, and, that long after the making and recording of the bond, to wit, in June, 1856, Ferguson executed a deed for the land to Daniel.

The evidence shows, that Copeland, in 1855, in whose hands the three notes had been placed by Ferguson, as collateral security, (to secure a note of $100, and interest,) and to collect for him, had given them up to Hill as fully satisfied, in consideration of $150, which was secured by two notes given by Hill to Copeland. This was not a satisfaction of the notes, that bound Ferguson, and therefore, it was not a payment in full of the three notes as alleged in the petition. If Hill relied on it as a payment in full, it would have given Ferguson a right to repudiate the contract of sale. It was, doubtless, in the assertion of this right, that he afterwards executed the deed to Daniel. It is well established, as a general rule, that the right of Hill to enforce a specific performance of such a contract, and obtain a decree of title, depends upon his having substantially performed his part of the contract, unless facts are shown which constitute an equitable or legal excuse for its not having been done. (Hill v. Still, 19 Texas Rep. 86.) No facts appear in the record to take this case out of the general rule, and therefore, the plaintiff has not shown himself entitled to the remedy.

The failure of Ferguson to appeal, does not prevent Daniel from having the matter revised in this court, on his own appeal. For if Ferguson had a right to convey the land to Daniel, in 1856, and did so, as stated in the petition, Daniel has a right to have the judgment revised, which annuls his deed. It must have been annulled upon the ground that Hill had complied with his part of the contract. Ferguson having conveyed away the land, may have no further interest to defend the suit. Hill must show himself entitled to maintain the suit as against Fer-

guson's vendee, who appears to hold the legal title. Not having done so, the judgment must be reversed and the cause remanded.

Reversed and remanded.